IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COMMON CAUSE RHODE ISLAND, LEAGUE OF WOMEN VOTERS OF RHODE ISLAND, MIRANDA OAKLEY, BARBARA MONAHAN, and MARY BAKER,<br><br>         Plaintiffs,<br><br>      - against -<br><br>NELLIE M. GORBEA, in her official capacity as Secretary of State of Rhode Island; DIANE C. MEDEROS, LOUIS A. DESIMONE JR., JENNIFER L. JOHNSON, RICHARD H. PIERCE, ISADORE S. RAMOS, DAVID H. SHOLES, and WILLIAM E. WEST, in their official capacity as members of the Rhode Island Board of Elections,<br><br>         Defendants. | Case No.  1:20-cv-00318-MSM-LDA |

**CONSENT JUDGMENT AND DECREE**

  1.  Whereas Rhode Island law requires voters eligible to vote by mail, subject to very limited exclusions, to sign the certifying envelopes which contain their ballots before a notary public or two witnesses, in order for their votes to be counted (the "two witness requirement"). R.I. Gen. Laws §§ 17-20-2.1(d)(1), 17-20-2.1(d)(4), 17-20-2.2(d)(1), 17-20-2.2(d)(4), 17-20-21 and 17-20-23(c). The two witnesses or the notary for each ballot must actually witness the voter marking the ballot. R.I. Gen. Laws §§ 17-20-21 and 17-20-23(c). Rhode Island is in the minority of states with such a requirement.

  2.  Whereas Rhode Island and America are currently suffering from the effects of a global pandemic. The novel coronavirus, SARS-CoV-2, causes individuals to contract COVID-19, and spreads mainly from person-to-person through close contact with one another and through respiratory droplets when an infected person coughs or sneezes. COVID-19 threatens the

health of any individual no matter their age, although older persons are particularly vulnerable. As of July 24, 2020, Rhode Island has experienced over 18,000 confirmed cases and over 1,000 deaths from COVID-19.

3.      Whereas Rhode Island Governor Raimondo issued an Executive Order on March 9, 2020 declaring a state of emergency which has been extended at least through August 2, 2020. R.I. Exec. Order No. 20-52 (July 3, 2020). Shortly after declaring a state of emergency, Governor Raimondo issued an executive order announcing that the Rhode Island Department of Health "determined that it is necessary to further reduce the size of mass gatherings." R. I. Exec Order No. 20-09 (March 22, 2020). While Governor Raimondo has since eased restrictions on the maximum permissible size for public gatherings, she has cautioned that citizens should continue to avoid mass gatherings. R.I. Exec. Order No. 20-50 (June 29, 2020). The Governor explained that "the lower the attendance and gathering size, the lower the risk." *Id.* She emphasized that a key message for the public is to "[k]eep groups consistent and small." *Id.*

4.      Whereas the two witness requirement necessitates that some individuals will invite one or two persons into their home, or travel outside their home to meet these witnesses. Either of these situations may violate social distancing guidelines and increase the likelihood that those involved will contract COVID-19 and transmit it to others. For this reason, the two witness requirement may carry a high risk to the general public's health. Rhode Island voters' other option, in-person voting, also may contain a risk to the general public's health. Voting in person involves waiting in line with other voters, interacting with poll workers, and touching voting equipment, which also violates social distancing guidelines.

5.      Whereas Rhode Island has other laws to maintain the integrity of the electoral process. Mail-in ballots are assessed to ensure that the name, residence, and signature on the

ballot itself all match that same information on the ballot application. R.I. Gen. Laws 17-20-26(c)(2). Further, voting fraudulently is a felony in Rhode Island, punishable by up to ten years of imprisonment with a fine between $1,000 and $5,000. R.I. Gen. Laws §§ 17-23-4 & 17-26-1.

6.  Whereas on March 26, 2020 the State Board of Elections voted to suspend the two witness requirement for mail ballots for the June 2, 2020 presidential primary, acknowledging that the requirements may result in close contact between the voter and other people, which is a known cause of transmitting COVID-19. On April 17, 2020 Governor Raimondo issued Executive Order 20-27, which suspended the two witness requirement challenged here for the June 2, 2020 presidential primary election. R.I. Exec. Order No. 20-27 (Apr. 17, 2020).

7.  Whereas the suspension of the two witness requirement for the June presidential primary was successful. 83% of Rhode Island voters exercised their fundamental right to vote via mail-in ballot. *2020 Presidential Preference Primary Statewide Summary*, ST. OF R.I. BD. OF ELECTIONS (updated July 3, 2020), https://www.ri.gov/election/results/2020/presidential_preference_primary/#. Voting by mail was used most extensively by older voters. In comparison, less than 4% of the votes in the May 2016 presidential preference primary were cast by mail. A presentation published by the Election Task Force ("ETF"), established by Defendant Secretary Gorbea's office, reflected that "[r]emoving the two witness/notary signature requirement on ballots made it easier for older Rhode Islanders and those living alone" to vote safely. *2020 Presidential Primary Election Task Force Presentation* 4, R.I. DEP'T OF ST. (July 9, 2020), https://vote.sos.ri.gov/Content/Pdfs/PPP%20Task%20Force%20July%209%202020%20Final.pdf. As a result of these measures, the ETF concluded that the Governor's executive order was a

success and led to a "[d]ecreased number of in-person voters [which] allowed for social distancing best practices." *Id.* The Election Task Force proposed that Rhode Island follow the same course for the September and November 2020 elections.

8.  Whereas Rhode Island will hold two statewide election days in the remaining part of 2020. Primary elections for offices including U.S. Congress, Rhode Island Senate, and Rhode Island House of Representatives will be held on September 8, 2020. On July 13, 2020 Defendants constituting the State Board of Elections voted unanimously to suspend the witness and notary public requirements for the mail ballot certification envelope, under the requirements set forth under Chapter 20 of Title 17 of the General Laws in order to mitigate exposure to COVID 19. Defendant Secretary Gorbea also believes the two witness requirement should be suspended for the State's September and November, 2020 elections.

9.  Whereas on July 23, 2020, the League of Women Voters of Rhode Island, Common Cause Rhode Island, Ms. Miranda Oakley, Ms. Barbara Monahan, and Ms. Mary Baker ("Plaintiffs") filed a complaint against the above-named Defendants challenging enforcement during the ongoing public health crisis caused by the spread of COVID-19 of Rhode Island's two witness requirement. Plaintiffs moved for a temporary restraining order and injunctive relief enjoining Defendants from enforcing the two witness requirement, R.I. Gen. Laws §§ 17-20-2.1(d)(1), 17-20-2.1(d)(4), 17-20-2.2(d)(1), 17-20-2.2(d)(4), 17-20-21 and 17-20-23(c), for the State's pending September 8, 2020 primary and November 3, 2020 general elections.

10. Whereas for qualified electors who wish to vote by mail, their mail ballot applications must be received by the voter's local board by August 18, 2020 and October 13,

4

2020 for the State primary and general election, respectively. The State must print ballots for these elections imminently.

11. Whereas in light of the data that supports the Plaintiffs' concerns for their safety if they are required to interact with others in order to cast their ballot in the pending September 8, 2020 primary and November 3, 2020 general elections, Plaintiffs and Defendants (collectively, the "Consent Parties") agree that an expeditious resolution of this matter in the manner encompassed by the terms of this Consent Order, is in the best interests of the health, safety, and constitutional rights of the citizens of Rhode Island, and therefore in the public interest.

12. Whereas the Consent Parties further agree that no eligible voter should have to choose between casting a ballot that will count and placing their own health at risk.

13. Whereas Defendants agree not to enforce the two witness requirement for the September 8, 2020 primary and November 3, 2020 general elections. The Consent Parties further agree that nothing in this Consent Order shall restrict the Defendants from requesting that that mail voters provide their Rhode Island Driver's License or State ID number, the last four digits of their Social Security number, or their phone number, as further identification verification, so long as the request makes clear that the provision of such information is optional.

14. Whereas Plaintiffs agree to a waiver of any entitlement to damages, fees, including attorneys' fees, expenses, and costs, that may have accrued as of the date of the entry of this Consent Order, with respect to the claims raised by Plaintiffs in this action.

15. Whereas the Court finds that it has subject matter jurisdiction over the Consent Parties and that this Consent Order is fair, adequate, and reasonable and that it is not illegal, a product of collusion, or against the public interest, because such agreement preserves the constitutional right to vote of Plaintiffs and other Rhode Island voters while promoting public

health during a pandemic and does so without harming the integrity of Rhode Island's elections. It gives appropriate weight to Defendants' expertise and public interest responsibility in the area of election administration.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED FOR THE REASONS STATED ABOVE IN PARAGRAPHS 1-15 THAT:**

1. The two witness requirement set forth in R.I. Gen. Laws §§ 17-20-2.1(d)(1), 17-20-2.1(d)(4), 17-20-2.2(d)(1), 17-20-2.2(d)(4), 17-20-21 and 17-20-23(c) shall be suspended for the September 8, 2020 primary or November 3, 2020 general elections. Defendants members of the Rhode Island Board of Elections shall not enforce the requirements set forth in R.I. Gen. Laws §§ 17-20-2.1(d)(1), 17-20-2.1(d)(4), 17-20-2.2(d)(1), 17-20-2.2(d)(4), 17-20-21 and 17-20-23(c) that qualified electors who vote by mail sign the certifying envelope which contains their ballot before a notary public or two witnesses for the September 8, 2020 primary or November 3, 2020 general elections.

2. As of the date of this Consent Order, Defendant Secretary Gorbea shall not print or distribute to qualified electors any ballots, envelopes, instructions, or other materials directing qualified electors who vote by mail to sign the certifying envelope which contains their ballot before a notary public or two witnesses or requiring a notary public's or two witnesses' signatures on the certifying envelopes.

3. Defendants Secretary Gorbea and members of the Rhode Island Board of Elections shall issue guidance instructing all relevant local election officials and boards of canvassers that, for the September 8, 2020 primary and November 3, 2020 general elections, no mail ballot cast by a registered voter may be rejected for failure to include the signature of either two witnesses or a notary.

4. Defendant Secretary Gorbea shall take all actions necessary to modify or amend the printed instructions accompanying each mail ballot provided to voters for the September 8, 2020 primary and November 3, 2020 general elections, to inform voters that any mail ballot cast in these elections without witness signatures will not be rejected on that basis.

5. Defendants Secretary Gorbea and members of the Rhode Island Board of Elections shall inform the public that the two witness requirement will be suspended for the September 8, 2020 primary and November 3, 2020 general elections on their existing web sites and social media, including frequently asked questions, and any recorded phone lines.

6. Plaintiffs will withdraw their motion for a temporary restraining order and preliminary injunction.

7. The within Consent Order, upon entry by the Court, shall be the final judgment of the Court. Each party shall bear their own fees, expenses, and costs.

Entered as the Judgment of this Court this _28_ day of _____July_____, 2020.

_____
**Mary S. McElroy**
UNITED STATES DISTRICT JUDGE

July 28, 2020
Providence, Rhode Island

/s/ *Angel Taveras*
Angel Taveras, Esq. (Bar No. 5552)
GREENBERG TRAURIG, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6096
Facsimile: (617) 310-6001
taverasa@gtlaw.com

*Attorney for Defendant Secretary Gorbea*

/s/ *Raymond A. Marcaccio*
Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio LLP
55 Dorrance Street
Suite 400
Providence, RI 02903
Phone  401.861.2900
Fax     401.861.2922
ram@om-rilaw.com

*Attorney for Defendants members of the Rhode Island Board of Elections*

/s/ *Lynette Labinger*
Lynette Labinger, Esq. (Bar No.1645)
128 Dorrance St., Box 710
Providence, RI  02903
(401) 465-9565 (phone)
ll@labingerlaw.com
Cooperating counsel,
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF RHODE ISLAND**

/s/ *Julie A. Ebenstein*
Julie A. Ebenstein, Esq.
   (*admitted pro hac vice*)
Dale E. Ho, Esq. (*pro hac vice pending*)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 284-7332 (phone)
jebenstien@aclu.org
dho@aclu.org

/s/ *Danielle Lang*
Danielle Lang, Esq. (*admitted pro hac vice*)
Jonathan Diaz, Esq. (*admitted pro hac vice*)
**CAMPAIGN LEGAL CENTER**
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200 (phone)
dlang@campaignlegal.org
jdiaz@campaignlegal.org
sleeper@campaignlegal.org

/s/ *Michael C. Keats*
Michael C. Keats, Esq. (*admitted pro hac vice*)
Christopher H. Bell, Esq.*
  (*admitted pro hac vice*)
**FRIED, FRANK, HARRIS, SHRIVER**
  **& JACOBSON LLP**
One New York Plaza
New York, NY 10004
(212) 859-8914 (phone)
(212) 859-4000 (fax)
Michael.Keats@friedfrank.com
Christopher.Bell@friedfrank.com
*Admitted only in Pennsylvania; not admitted in the District of Columbia; supervised by a member of the District of Columbia Bar.

*Attorneys for Plaintiffs*

9