APPEAL

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: <u>1:20−cv−00318−MSM−LDA</u>

Common Cause Rhode Island et al v. Gorbea et al
Assigned to: District Judge Mary S. McElroy
Referred to: Magistrate Judge Lincoln D. Almond
Cause: 42:1983 Civil Rights Act

Date Filed: 07/23/2020
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**Common Cause Rhode Island**    represented by    **Christopher H Bell**
Fried, Frank, Harris, Shriver & Jacobson
LLP
801 17th Street, NW
Washington, DC 20006
202−639−7000
Fax: 202−639−7003
Email: <u>Christopher.bell@friedfrank.com</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dale E. Ho**
American Civil Liberties Union
Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549−2500
Email: <u>dho@aclu.org</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle Lang**
Campaign Legal Center
1101 14th St. NW
Suite 400
Washington, DC 20005
202−736−2200
Fax: 202−736−2222
Email: <u>dland@campaignlegal.org</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Diaz**
Campaign Legal Center
1101 14th St NW
Suite 400
Washington, DC 20005
202−736−2200
Fax: 202−736−2222

Email: jdiaz@campaignlegal.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie A Ebenstein**
American Civil Liberties Union
Foundatoin
125 Broad St., 18th Floor
New York, NY 10004
212−549−2500
Email: jebenstein@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael C. Keats**
Fried, Frank, Harris, Schriver & Jacobson,
LLP
One New York Plaza
New York, NY 10004
212−859−8914
Fax: 212−859−4000
Email: michael.keats@friedfrank.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
Lynette Labinger, Attorney at Law
128 Dorrance Street, Box 710
Providence, RI 02903
401−465−9565
Email: LL@labingerlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**League of Women Voters of Rhode
Island**

represented by **Christopher H Bell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dale E. Ho**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle Lang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Diaz**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Julie A Ebenstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael C. Keats**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Miranda Oakley**                    represented by **Christopher H Bell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dale E. Ho**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle Lang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Diaz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie A Ebenstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael C. Keats**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Barbara Monahan**                represented by   **Christopher H Bell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dale E. Ho**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle Lang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Diaz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie A Ebenstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael C. Keats**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mary Baker**                represented by   **Christopher H Bell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dale E. Ho**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle Lang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Diaz**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie A Ebenstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael C. Keats**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Nellie M. Gorbea**                              represented by   **Angel Taveras**
*in her official capacity as Secretary of*                        Greenberg Traurig, LLP
*State of Rhode Island*                                           One International Place
                                                                 Boston, MA 02110
                                                                 617−310−6000
                                                                 Fax: 617−279−8410
                                                                 Email: taverasa@gtlaw.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Diane C. Mederos**
*in their official capacities as members of*
*the Rhode Island Board of Elections*

**<u>Defendant</u>**

**Louis A. DeSimone Jr.**
*in their official capacities as members of*
*the Rhode Island Board of Elections*

**<u>Defendant</u>**

**Jennifer L. Johnson**
*in their official capacities as members of*
*the Rhode Island Board of Elections*

**<u>Defendant</u>**

**Richard H. Pierce**
*in their official capacities as members of*
*the Rhode Island Board of Elections*

**Defendant**

**Isadore S. Ramos**
*in their official capacities as members of*
*the Rhode Island Board of Elections*

**Defendant**

**William E. West**
*in their official capacities as members of*
*the Rhode Island Board of Elections*

**Defendant**

**David H. Sholes**
*in their official capacities as members of*
*the Rhode Island Board of Elections*

**Defendant**

**Republican National Committee**                represented by   **Brandon S. Bell**
                                                                   Fontaine Bell, LLP
                                                                   One Davol Square
                                                                   Penthouse
                                                                   Providence, RI 02903
                                                                   274−8800
                                                                   Fax: 274−8880
                                                                   Email: bbell@fontainebell.com
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Thomas R. McCarthy**
                                                                   Consovoy McCarthy PLLC
                                                                   1600 Wilson Blvd. Ste 700
                                                                   Arlington, VA 22209
                                                                   703−243−9423
                                                                   Email: tom@consovoymccarthy.com
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Joseph S. Larisa , Jr.**
                                                                   Larisa Law
                                                                   50 South Main Street
                                                                   Suite 311
                                                                   Providence, RI 02903
                                                                   401−743−4700
                                                                   Fax: 401−633−6296
                                                                   Email: joe@larisalaw.com
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Rhode Island Republican Party**                represented by   **Brandon S. Bell**
                                                                   (See above for address)

6

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cameron T. Norris**
Consovoy Mccarthy PLLC
1600 Wilson Blvd. Ste 700
Arlington, VA 22209
703−243−9423
Email: cam@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick Strawbridge**
Consovoy McCarthy PLLC
Ten Post Office Sq. 8th Floor S. PMB#706
Boston, MA 02109
617−227−0548
Email: patrick@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R. McCarthy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph S. Larisa , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/23/2020 | 1 | | COMPLAINT ( filing fee paid $ 400.00, receipt number 0103−1532635 ), filed by Miranda Oakley, League of Women Voters of Rhode Island, Common Cause Rhode Island, Barbara Monahan, Mary Baker. (Attachments: # 1 Civil Cover Sheet)(Labinger, Lynette) (Entered: 07/23/2020) |
| 07/23/2020 | | | CASE CONDITIONALLY ASSIGNED to District Judge Mary S. McElroy and Magistrate Judge Lincoln D. Almond. Related Case Number CV20−262−MSM−LDA based upon the indication on the cover sheet that a related case previously was assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (Potter, Carrie) (Entered: 07/23/2020) |
| 07/23/2020 | 2 | | CASE OPENING NOTICE ISSUED (Potter, Carrie) (Entered: 07/23/2020) |
| 07/23/2020 | 3 | | MOTION for Michael C. Keats to Appear Pro Hac Vice *for all Plaintiffs* ( filing fee paid $ 100.00, receipt number 0103−1532672 ) filed by All Plaintiffs. (Labinger, Lynette) (Entered: 07/23/2020) |

| 07/23/2020 | 4 | | MOTION for Christopher H. Bell to Appear Pro Hac Vice *for all Plaintiffs* ( filing fee paid $ 100.00, receipt number 0103−1532680 ) filed by All Plaintiffs. (Labinger, Lynette) (Entered: 07/23/2020) |
|---|---|---|---|
| 07/23/2020 | | | TEXT ORDER granting 3 Motion to Appear Pro Hac Vice of Michael C. Keats; granting 4 Motion to Appear Pro Hac Vice of Christopher H Bell. So Ordered by District Judge Mary S. McElroy on 7/23/2020. (Potter, Carrie) (Entered: 07/23/2020) |
| 07/23/2020 | 5 | | MOTION for Temporary Restraining Order , MOTION for Preliminary Injunction ( **Responses due by 8/6/2020.**) filed by All Plaintiffs. (Attachments: # 1 Supporting Memorandum, # 2 Affidavit A. Dr.Reingold Declaration, # 3 Affidavit B. Dr.Fine Declaration, # 4 Affidavit C. Oakley Declaration, # 5 Affidavit D. Monahan Declaration, # 6 Affidavit E. Baker Declaration, # 7 Affidavit F. Koster/LWVRI Declaration, # 8 Affidavit G. Marion/CC−RI Declaration, # 9 Exhibit H. 2018 Census Data)(Labinger, Lynette) (Entered: 07/23/2020) |
| 07/23/2020 | | | NOTICE of Remote Hearing: Chambers Conference set for Friday, 7/24/2020 at 10:00 AM via Zoom before District Judge Mary S. McElroy. The Court will send Zoom access information to counsel by email. (Urizandi, Nisshy) (Entered: 07/23/2020) |
| 07/23/2020 | 6 | | NOTICE of Appearance by Angel Taveras on behalf of Nellie M. Gorbea (Taveras, Angel) (Entered: 07/23/2020) |
| 07/23/2020 | 7 | | MOTION for Julie A. Ebenstein to Appear Pro Hac Vice *for all Plaintiffs* ( filing fee paid $ 100.00, receipt number 0103−1532830 ) filed by All Plaintiffs. (Labinger, Lynette) (Entered: 07/23/2020) |
| 07/23/2020 | 8 | | MOTION for Jonathan Diaz to Appear Pro Hac Vice *for all Plaintiffs* ( filing fee paid $ 100.00, receipt number 0103−1532837 ) filed by All Plaintiffs. (Labinger, Lynette) (Entered: 07/23/2020) |
| 07/23/2020 | 9 | | MOTION for Danielle Lang to Appear Pro Hac Vice *for all Plaintiffs* ( filing fee paid $ 100.00, receipt number 0103−1532849 ) filed by All Plaintiffs. (Labinger, Lynette) (Entered: 07/23/2020) |
| 07/23/2020 | | | TEXT ORDER granting 7 Motion to Appear Pro Hac Vice of Julie A Ebenstein, ; granting 8 Motion to Appear Pro Hac Vice of Jonathan Diaz; granting 9 Motion to Appear Pro Hac Vice of Danielle Lang. So Ordered by District Judge Mary S. McElroy on 7/23/2020. (Potter, Carrie) (Entered: 07/23/2020) |
| 07/24/2020 | | | Minute Entry for proceedings held before District Judge Mary S. McElroy: Chambers Conference held via Zoom on 7/24/2020. Lynette Labinger and Michael Keats for the plaintiffs and Angel Tavares and Ray Marcaccio for the defendants participated. (Urizandi, Nisshy) (Entered: 07/24/2020) |
| 07/24/2020 | | | NOTICE of Remote Hearing on Motion 5 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction: Motion Hearing set for Monday, 7/27/2020 at 3:00 PM via Zoom before District Judge Mary S. McElroy. The Court will send out Zoom access information to counsel by email. (Urizandi, Nisshy) (Entered: 07/24/2020) |
| 07/26/2020 | 10 | | EMERGENCY MOTION to Intervene *as Defendants* filed by Republican National Committee, Rhode Island Republican Party. **Responses due by** |

| | | |
|---|---|---|
| | | **8/10/2020.** (Attachments: # 1 Exhibit Board of Elections Emergency Meeting Agenda)(Bell, Brandon) Modified on 7/27/2020 to reflect that this is an emergency motions and not an amended motion. (Urizandi, Nisshy) (Entered: 07/26/2020) |
| 07/26/2020 | 11 | MEMORANDUM IN SUPPORT by Republican National Committee, Rhode Island Republican Party in support of 10 Amended MOTION to Intervene *as Defendants Emergency Motion to Intervene*. (Bell, Brandon) (Entered: 07/26/2020) |
| 07/27/2020 | 12 | Emergency MOTION for Hearing *Protective Motion for Fairness Hearing* filed by Republican National Committee, Rhode Island Republican Party. **Responses due by 8/10/2020.** (Attachments: # 1 Exhibit Board of Elections Emergency Meeting Agenda)(Bell, Brandon) (Entered: 07/27/2020) |
| 07/27/2020 | 13 | NOTICE of Appearance by Brandon S. Bell on behalf of Republican National Committee, Rhode Island Republican Party (Bell, Brandon) (Entered: 07/27/2020) |
| 07/27/2020 | 14 | MOTION for Thomas R. McCarthy to Appear Pro Hac Vice *for Defendants* ( filing fee paid $ 100.00, receipt number 0103−1533367 ) filed by Republican National Committee, Rhode Island Republican Party. (Bell, Brandon) (Entered: 07/27/2020) |
| 07/27/2020 | 15 | MOTION for Patrick Strawbridge to Appear Pro Hac Vice *for Defendants* ( filing fee paid $ 100.00, receipt number 0103−1533368 ) filed by Republican National Committee, Rhode Island Republican Party. (Bell, Brandon) (Entered: 07/27/2020) |
| 07/27/2020 | 16 | MOTION for Cameron T. Norris to Appear Pro Hac Vice *for Defendants* ( filing fee paid $ 100.00, receipt number 0103−1533369 ) filed by Republican National Committee, Rhode Island Republican Party. (Bell, Brandon) (Entered: 07/27/2020) |
| 07/27/2020 | | TEXT ORDER granting 14 Motion to Appear Pro Hac Vice for Thomas McCarthy filed by Brandon S. Bell. − So Ordered by District Judge Mary S. McElroy on 7/27/2020. (McGuire, Vickie) (Entered: 07/27/2020) |
| 07/27/2020 | | TEXT ORDER granting 15 Motion to Appear Pro Hac Vice for Patrick Strawbridge filed by of Brandon S. Bell. − So Ordered by District Judge Mary S. McElroy on 7/27/2020. (McGuire, Vickie) (Entered: 07/27/2020) |
| 07/27/2020 | | TEXT ORDER granting 16 Motion to Appear Pro Hac Vice for Cameron T. Norris filed by Brandon S. Bell. − So Ordered by District Judge Mary S. McElroy on 7/27/2020. (McGuire, Vickie) (Entered: 07/27/2020) |
| 07/27/2020 | 17 | NOTICE of Appearance by Joseph S. Larisa, Jr. on behalf of Republican National Committee, Rhode Island Republican Party (Larisa, Joseph) (Entered: 07/27/2020) |
| 07/27/2020 | 18 | Joint MOTION to Approve Consent Judgment *presented by all parties* filed by All Plaintiffs. **Responses due by 8/10/2020.** (Attachments: # 1 Exhibit Consent Judgment and Decree)(Labinger, Lynette) (Entered: 07/27/2020) |
| 07/27/2020 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: Motion Hearing held on 7/27/2020 re 5 MOTION for Temporary Restraining |

|  |  |  |
|---|---|---|
|  |  | Order: B. Bell, D. Lang, J. Diaz, J. Ebenstein, M. Keats, L. Labinger (Plaintiffs), R. Marcaccio (Board), A. Tavaras (Gorbea), B. Bell, T. McCarthy, J. Larissa (Intervenors). Arguments heard. If potential interveners wish to file Rule 24 documents, they must do so by 7:00 p.m. on 7/27/2020. Responses to the Rule 24 documents due by 12:00 p.m. on 7/28/2020. Fairness hearing to be held on 7/28/2020 at 3:00 p.m. Recess. (Court Reporter L. Schwam via Video Hearing at 3:00 p.m..) (Potter, Carrie) (Entered: 07/27/2020) |
| 07/27/2020 |  | NOTICE of Hearing on Motion 12 Emergency MOTION for Hearing *Protective Motion for Fairness Hearing* : Motion Hearing set for 7/28/2020 at 03:00 PM in Remote Hearing before District Judge Mary S. McElroy. The Court will send out Zoom access information to counsel by email. (Potter, Carrie) (Entered: 07/27/2020) |
| 07/27/2020 | 19 | MOTION for Dale E. Ho to Appear Pro Hac Vice *for all Plaintiffs* ( filing fee paid $ 100.00, receipt number 0103−1533746 ) filed by All Plaintiffs. (Labinger, Lynette) (Entered: 07/27/2020) |
| 07/27/2020 | 20 | *Proposed* ANSWER to Complaint by Republican National Committee, Rhode Island Republican Party.(McCarthy, Thomas) (Entered: 07/27/2020) |
| 07/28/2020 | 21 | RESPONSE In Opposition to 18 Joint MOTION to Approve Consent Judgment *presented by all parties* filed by Republican National Committee, Rhode Island Republican Party. **Replies due by 8/4/2020.** (Attachments: # 1 Exhibit District of Minnesota Decision)(McCarthy, Thomas) (Entered: 07/28/2020) |
| 07/28/2020 | 22 | RESPONSE In Opposition to 10 Amended MOTION to Intervene *as Defendants* filed by Nellie M. Gorbea. **Replies due by 8/4/2020.** (Taveras, Angel) (Entered: 07/28/2020) |
| 07/28/2020 | 23 | AFFIDAVIT re 22 Response to Motion by Nellie M. Gorbea. (Taveras, Angel) (Entered: 07/28/2020) |
| 07/28/2020 |  | TEXT ORDER granting 19 Motion to Appear Pro Hac Vice of Dale E. Ho. So Ordered by District Judge Mary S. McElroy on 7/28/2020. (Potter, Carrie) (Entered: 07/28/2020) |
| 07/28/2020 | 24 | RESPONSE In Opposition to 10 Amended MOTION to Intervene *as Defendants* filed by All Plaintiffs. **Replies due by 8/4/2020.** (Labinger, Lynette) (Entered: 07/28/2020) |
| 07/28/2020 |  | Minute Entry for proceedings held before District Judge Mary S. McElroy: Fairness Hearing held on 7/28/2020 re 10 MOTION to Intervene , *12 Emergency MOTION for Hearing 18 Joint MOTION to Approve Consent Judgment: B. Bell, D. Lang, J. Diaz, J. Ebenstein, M. Keats, L. Labinger (Plaintiffs), R. Marcaccio (Board), A. Tavaras (Gorbea), M. Field (State of RI), B. Bell, T. McCarthy, J. Larissa, C. Norris (Intervenors). Court questions; arguments heard. For reasons states on the record, Court grants MOTION to Approve Consent Judgment; denies MOTION to Intervene as Defendants. Interveners Oral Motion to Stay pending Appeal. Motion to Stay denied. Order to issue. Recess. (Court Reporter D. Veitch via Video Hearing at 3:00 p.m..) (Potter, Carrie) (Entered: 07/28/2020)* |
| 07/28/2020 |  | Oral MOTION to Stay *pending Appeal* filed by Republican National Committee, Rhode Island Republican Party. **Responses due by 8/11/2020.** |

| | | | |
|---|---|---|---|
| | | | (Potter, Carrie) (Entered: 07/28/2020) |
| 07/28/2020 | | | Order ORDER: For reasons stated on the record, Court denies Motion to Stay pending Appeal.. So Ordered by District Judge Mary S. McElroy on 7/28/2020. (Potter, Carrie) (Entered: 07/28/2020) |
| 07/30/2020 | | 14 | AMENDED TEXT ORDER denying 10 Motion to Intervene − So Ordered by District Judge Mary S. McElroy on 7/28/2020. (Urizandi, Nisshy) Modified on 7/30/2020 to reflect that motion was denied on the record on July 28, 2020 (Urizandi, Nisshy). (Entered: 07/30/2020) |
| 07/30/2020 | 25 | 16 | AMENDED MEMORANDUM relative to approval of Consent Judgment − So Ordered by District Judge Mary S. McElroy on 7/28/2020. (Urizandi, Nisshy) (Main Document 25 replaced on 7/30/2020) (Urizandi, Nisshy). Modified on 7/30/2020 to reflect the correct date of the order(Urizandi, Nisshy). (Entered: 07/30/2020) |
| 07/30/2020 | | | TEXT ORDER granting 12 Emergency MOTION for Hearing *Protective Motion for Fairness Hearing* filed by Rhode Island Republican Party, Republican National Committee. A Fairness Hearing was held on 7/29/2020 via Zoom before Judge Mary S. McElroy. The 5 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by Miranda Oakley, Mary Baker, Barbara Monahan, League of Women Voters of Rhode Island, Common Cause Rhode Island is denied as moot − So Ordered by District Judge Mary S. McElroy on 7/30/2020. (Urizandi, Nisshy) (Entered: 07/30/2020) |
| 07/30/2020 | 26 | 29 | CONSENT JUDGMENT AND DECREE − So Ordered by District Judge Mary S. McElroy on 7/28/2020. (Urizandi, Nisshy) Modified on 7/30/2020 to reflect the correct date the order was issued (Urizandi, Nisshy). (Entered: 07/30/2020) |
| 07/30/2020 | 27 | | Corporate Disclosure Statement by Common Cause Rhode Island, League of Women Voters of Rhode Island identifying Corporate Parent League of Women Voters of United States for League of Women Voters of Rhode Island; Corporate Parent Common Cause for Common Cause Rhode Island.. (Labinger, Lynette) (Entered: 07/30/2020) |
| 07/30/2020 | 28 | 12 | NOTICE OF APPEAL by Republican National Committee, Rhode Island Republican Party as to 25 Order on Motion to Approve Consent Judgment, Order on Motion for TRO, Order on Motion for Preliminary Injunction, Order on Motion for Hearing, 26 Consent Decree, Order on Motion to Intervene ( filing fee paid $ 505.00, receipt number 0103−1534853 )<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 8/6/2020. (McCarthy, Thomas) (Entered: 07/30/2020) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

COMMON CAUSE RHODE ISLAND,
LEAGUE OF WOMEN VOTERS OF
RHODE ISLAND, MIRANDA
OAKLEY, BARBARA MONAHAN,
and MARY BAKER,

*Plaintiffs*,

v.

Case No. 1:20-cv-00318-MSM-LDA

NELLIE M. GORBEA, in her official
capacity as Secretary of State of Rhode
Island; DIANE C. MEDEROS, LOUIS
A. DESIMONE JR., JENNIFER L.
JOHNSON, RICHARD H. PIERCE,
ISADORE S. RAMOS, DAVID H.
SHOLES, and WILLIAM E. WEST, in
their official capacities as members of the
Rhode Island Board of Elections,

*Defendants*,

REPUBLICAN NATIONAL
COMMITTEE, and RHODE ISLAND
REPUBLICAN PARTY

[*Proposed*] *Intervenor-Defendants*.

## EMERGENCY NOTICE OF APPEAL
## AND [PROTECTIVE] NOTICE OF APPEAL

Proposed Intervenor-Defendants, the Republican National Committee and the

Rhode Island Republican Party, now appeal to the U.S. Court of Appeals for the First

Circuit this Court's order denying their motion to intervene, Text Order (July 30, 2020).

Proposed Intervenor-Defendants also protectively appeal the consent judgment and

decree and this Court's grant of the parties' motion to approve that decree, Docs. 25,

1

26; *see Mausolf v. Babbitt*, 125 F.3d 661, 666 (8th Cir. 1997) ("If final judgment is entered with or after the denial of intervention, the applicant should be permitted to file a protective notice of appeal as to the judgment, to become effective if the denial of intervention is reversed." (cleaned up; quoting 15A Wright & Miller, *Fed. Practice & Procedure* §3902.1, at 113 (2d ed. 1991)).

Dated: July 30, 2020

Brandon S. Bell
FONTAINE BELL & ASSOCIATES
1 Davol Sq. Penthouse
Providence, RI 02903
(401) 274-8800 (Tel)
(401) 274-8880 (Fax)
Bbell@fdblegal.com

Respectfully submitted,

  */s/ Thomas R. McCarthy*
Thomas R. McCarthy (pro hac vice)
Patrick N. Strawbridge (pro hac vice)
Cameron T. Norris (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com

*Counsel for Proposed Intervenor-Defendant
Republican National Committee and the Rhode Island Republican Party*

```
MIME-Version:1.0
From:cmecf@rid.uscourts.gov
To:cmecfnef@rid.uscourts.gov
Bcc:
--Case Participants: Julie A Ebenstein (jebenstein@aclu.org), Christopher H Bell
(christopher.bell@friedfrank.com), Joseph S. Larisa, Jr (joe@larisalaw.com), Angel Taveras
(ledouxj@gtlaw.com, limak@gtlaw.com, taverasa@gtlaw.com), Thomas R. McCarthy
(tom@consovoymccarthy.com), Jonathan Diaz (jdiaz@campaignlegal.org), Brandon S. Bell
(bbell@fontainebell.com), Patrick Strawbridge (patrick@consovoymccarthy.com), Cameron T.
Norris (cam@consovoymccarthy.com), Dale E. Ho (dho@aclu.org), Danielle Lang
(dland@campaignlegal.org), Michael C. Keats (michael.keats@friedfrank.com), Lynette J.
Labinger (brownaclu@aol.com, ll@labingerlaw.com), District Judge Mary S. McElroy
(judge_mcelroy@rid.uscourts.gov, msmnef@rid.uscourts.gov), Magistrate Judge Lincoln D.
Almond (ldanef@rid.uscourts.gov)
--Non Case Participants: Tim White (twhite@wpri.com)
--No Notice Sent:

Message-Id:1542580@rid.uscourts.gov
Subject:Activity in Case 1:20-cv-00318-MSM-LDA Common Cause Rhode Island et al v. Gorbea
et al Order on Motion to Intervene
```
Content−Type: text/html

## U.S. District Court

## District of Rhode Island

## Notice of Electronic Filing

The following transaction was entered on 7/30/2020 at 3:14 PM EDT and filed on 7/30/2020

**Case Name:**  Common Cause Rhode Island et al v. Gorbea et al

**Case Number:**  1:20−cv−00318−MSM−LDA

**Filer:**

**Document Number:** No document attached

**Docket Text:**
 **TEXT ORDER denying [10] Motion to Intervene − So Ordered by District Judge Mary S. McElroy on 7/30/2020. (Urizandi, Nisshy)**


**1:20−cv−00318−MSM−LDA Notice has been electronically mailed to:**

Angel Taveras &nbsp &nbsp taverasa@gtlaw.com, ledouxj@gtlaw.com, limak@gtlaw.com

Brandon S. Bell &nbsp &nbsp bbell@fontainebell.com

Cameron T. Norris &nbsp &nbsp cam@consovoymccarthy.com

Christopher H Bell &nbsp &nbsp Christopher.bell@friedfrank.com

Dale E. Ho &nbsp &nbsp dho@aclu.org

Danielle Lang &nbsp &nbsp dland@campaignlegal.org

Jonathan Diaz &nbsp &nbsp jdiaz@campaignlegal.org

Joseph S. Larisa , Jr &nbsp &nbsp joe@larisalaw.com

Julie A Ebenstein &nbsp &nbsp jebenstein@aclu.org

Lynette J. Labinger &nbsp &nbsp LL@labingerlaw.com, brownaclu@aol.com

Michael C. Keats &nbsp &nbsp michael.keats@friedfrank.com

Patrick Strawbridge &nbsp &nbsp patrick@consovoymccarthy.com

Thomas R. McCarthy &nbsp &nbsp tom@consovoymccarthy.com

**1:20−cv−00318−MSM−LDA Notice has been delivered by other means to:**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| COMMON CAUSE RHODE ISLAND, LEAGUE OF WOMEN VOTERS OF RHODE ISLAND, MIRANDA OAKLEY, BARBARA MONAHAN, and MARY BAKER,<br><br>    Plaintiffs,<br><br>    v.<br><br>NELLIE M GORBEA, in her official capacity as Secretary of State of Rhode Island; DIANE C. MEDEROS, LOUIS A. DESIMONE JR., JENNIFER L. JOHNSON, RICHARD H. PIERCE, ISADORE S. RAMOS, DAVID H. SHOLES, and WILLIAM WEST, in their official capacities as members of the Rhode Island Board of Elections,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:20-CV-00318-MSM-LDA |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The plaintiffs, Common Cause Rhode Island, League of Women Voters of Rhode Island, Miranda Oakley, Barbara Monahan, and Mary Baker, filed this action seeking to enjoin the State's enforcement of the witness or notary requirement for the two upcoming statewide elections in 2020: the primary election on September 8 and the general election on November 3. The plaintiffs have named as defendants the Rhode Island Secretary of State and the members of the Rhode Island Board of Elections.

1

The parties have submitted to the Court a proposed Consent Judgment and Decree ("Consent Decree") which would resolve the plaintiffs' claims. On July 28, 2020, the Court conducted a Fairness Hearing to review the proposed Consent Decree. For the following reasons, the Court approves the Consent Decree and thereby GRANTS the parties' Joint Motion to Approve Consent Judgment (ECF No. 18.)

## I. BACKGROUND

With exceptions related to voters in medical facilities, abroad, or out of state for military service, Rhode Island law requires that any voters seeking to vote by mail must have their ballot envelope signed by either two witnesses or a notary public. R.I.G.L. §§ 17-20-2.1(d)(1), (d)(4) ("[T]he signature on the certifying envelopes containing a voted ballot must be made before a notary public or two (2) witnesses who shall set forth their addresses on the form."). The two witnesses or the notary for each ballot must actually witness the voter marking the ballot. R.I.G.L. §§ 17-20-21 and 17-20-23. Rhode Island is one of three states with such a requirement.[1]

All the parties share a concern with the integrity of the election process. The Secretary of State and Rhode Island Board of Elections share a statutory obligation to ensure full and fair elections, and the Court examines this Consent Decree with a specific eye on that public interest. To the extent that some have suggested the signature and notary requirements are necessary to prevent voter fraud, Rhode

---

[1] The other states with such requirements are Alabama and North Carolina. *See* Ala. Code §§ 17-11-7, 17-11-10; N.C. Gen. Stat. Ann. § 163-231(a).

Island law includes other measures to safeguard against fraud in mail-ballot procedures. The Board of Elections is statutorily required to assess mail-in ballots to ensure that the name, residence, and signature on the ballot itself all match that same information on the ballot application, including ensuring "that both signatures are identical." R.I.G.L. § 17-20-26(c)(2). Additionally, voter fraud in Rhode Island is a felony, punishable by up to ten years of imprisonment and/or a fine of between $1,000 and $5,000. R.I.G.L. §§ 17-23-4, 17-26-1.

Due to the COVID-19 pandemic, Rhode Island's Governor, by executive order, suspended the two-witness or notary requirement for mail ballots in the June 2, 2020, presidential preference primary. R.I. Exec. Order No. 20-27 at 2 (Apr. 17, 2020). In that election, 83% of those voting did so by mail-in ballot, compared to less than 4% in the previous presidential preference primary of May 2016. The Governor has not issued any similar orders for the upcoming elections, despite the Secretary of State's proposal to do so. Further, the Secretary of State promoted legislation to implement mail-in voting for the remaining 2020 elections, including a provision to eliminate the witness or notary requirement. The Rhode Island House of Representatives passed this legislation, but it was not taken up by the Rhode Island Senate. At this time, the Rhode Island General Assembly has adjourned.

During this period of inaction, the COVID-19 pandemic, while it has improved in Rhode Island since the presidential preference primary, continues to threaten and permeate society in this state. Because COVID-19 spreads mainly from person-to-person through close contact with one another and through respiratory droplets when

3

an infected person coughs or sneezes, mask wearing, social distancing practices, and limitations on the size of group gatherings continue to be public health mandates. Persons in particularly vulnerable demographics—those over age 65 or with preexisting health conditions—remain advised to stay home unless they must venture out for work, medical visits, or to gather necessities.

Although Rhode Island had made much progress in slowing the spread of the virus, recent warnings indicate an uptick in infections and just days before this filing the Rhode Island Governor rescinded a planned move to Stage 4 of the state's reopening plan which would have relaxed restrictions on gatherings and public excursions. In fact, the governor reduced the maximum size of in person gatherings at a coronavirus briefing held on July 29, 2020.[2] Rhode Island's rate of transmission has risen to 1.7 – nowhere near the 1.0 goal. With the elections months away, there is no telling whether the health crisis will improve or become dramatically worse. The most reasonable inference, since Rhode Island is in a worsening trend, is that it will become more grave.

The plaintiffs maintain that the two signature or notary requirement will drive them out of their houses into the general population, with the risk to health that entails. The plaintiffs have presented data from the U.S. Census Bureau which demonstrates that a large portion of the Rhode Island electorate lives alone. As of 2018, 197,000 Rhode Islanders over the age of 18, 23.45% of the State's voting-age

---

[2] https://www.providencejournal.com/news/20200729/ri-reports-2-coronavirus-deaths-61-new-cases-raimondo-reduces-limit-on-social-gatherings.

population, live alone.  Another 289,000 Rhode Islanders of voting age live with only one other person.  Of the 197,000 Rhode Islanders of voting age who live alone, an estimated 59,000 are aged 65 and older, accounting for 37.82% of all those aged 65 and over in Rhode Island.  For Rhode Islanders of voting age with a disability, an estimated 42,000, or 42%, live alone.

The individual plaintiffs, Miranda Oakley, Barbara Monahan, and Mary Baker, all have provided the Court with affidavits stating that they either live alone or are in high risk groups for COVID-19 because they are of advanced age or are regularly in close contact with those that are, or have preexisting medical conditions. The organizational plaintiffs, Common Cause and the League of Women Voters, have provided affidavits attesting that the majority of their members, who are voters, are of advanced age while others live alone or have preexisting health conditions.  It is their concern that the witness or notary requirements would force them to make "an impossible choice between two irreparable harms—violating social distancing guidelines designed to protect them and their loved ones and foregoing their fundamental right to vote."  (ECF No. 5-1 at 1.)

The plaintiffs therefore have filed the instant suit, putting forth (1) a 42 U.S.C. § 1983 claim that the mail-ballot witness or notary requirement, as applied to the September 2020 primary and November 2020 general elections, imposes an undue burden on their right to vote in violation of the First and Fourteenth Amendments to the United States Constitution; and (2) a claim for violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* because the challenged

provisions disadvantage individuals with disabilities from participating safely in the upcoming elections and do not provide them with reasonable accommodations.

Regarding their constitutional claim, the plaintiffs assert that the witness requirement for mail voting constitutes "a severe burden on the right to vote because it forces voters to choose between exercising the franchise safely or violating social distancing guidelines and exposing themselves, their families, and their communities to a heightened risk of COVID-19." (ECF No. 1 ¶ 60.) Moreover, they argue, the State has no interest sufficient to justify maintaining the witness requirement during the COVID-19 pandemic. In response to the argument that the witnessing requirement ensures the integrity of the election, the plaintiffs counter that, while the prevention of fraud is a legitimate state interest, the state has other safeguards, including signing under oath and signature matching which protect the integrity of the voting process. There is no information in the record, nor was any brought forth, that recent Rhode Island elections are susceptible to fraud.

On July 23, 2020, shortly after filing their Complaint, the plaintiffs moved for a preliminary injunction to enjoin the defendants from enforcing the witness or notary requirements. The Court held a conference with all parties on Friday, July 24, 2020, at which time the parties informed the Court that they would seek to craft a consent decree, due to the defendants' sharing of the plaintiffs' concerns and general agreement with the plaintiffs' request, thus possibly obviating the need to proceed with the plaintiffs' motion for a preliminary injunction. The parties agreed to discuss a consent decree over the weekend and the Court scheduled a hearing on the

plaintiffs' motion for Monday, July 27, in the event the negotiations failed.

Also discussed at the Friday, July 24, conference was the Rhode Island Republican Party's publicly stated intention to seek to intervene in the matter and oppose the plaintiffs' Complaint.[3]  On that same Friday, counsel for the Secretary of State informed counsel for the Rhode Island Republican Party that the parties were going to negotiate a consent decree and that if the Republican Party was going to attempt to intervene, it should do so quickly.  Yet, it was not until more than 48 hours later, at approximately midnight on Sunday, July 26, that the Republican National Committee ("RNC") and the Rhode Island Republican Party filed a Motion to Intervene.[4]

By Monday, July 27, the parties had reached an accord and presented the Court with a proposed Consent Decree for review.  That same day, the Court held another conference with the parties and with representatives of the proposed intervenors, the RNC and Rhode Island Republican Party.  The proposed intervenors, in addition to seeking to intervene, filed an emergency "Protective Motion For Fairness Hearing" to present arguments opposing the proposed Consent Decree.  The Court granted the request for the Fairness Hearing.  Although the Court deferred ruling on the Motion to Intervene, it allowed the proposed intervenors to participate

---

[3] In fact, the local Republican Party had announced that intention the day before, on the same day that this suit was filed.
http://www.ri.gop/aclu_puts_the_integrity_of_our_elections_at_risk (July 23, 2020).

[4] Notably that motion was not perfected until approximately 6:30 p.m. on Monday July 27 by the filing of a proposed answer.  See FRCP 24 (c).

in the fairness hearing and to provide the Court with written briefing in advance of that hearing. The proposed intervenors did file an Objection to the proposed Consent Decree and were heard, in equal measure to the parties, at the Fairness Hearing.

The Court conducted the Fairness Hearing on July 28, 2020, during which counsel for all parties, as well as the proposed intervenors, presented argument for and against approval of the proposed Consent Decree and on the Motion to Intervene.[5]

---

[5] At the Fairness Hearing, the Court heard argument on the RNC and Rhode Island Republican Party's Motion to Intervene. The Court denied that Motion, finding that the proposed intervenors had not timely sought to intervene and that their interest, for a fair and lawful election, was adequately represented by the existing parties. *See* Fed. R. Civ. P. 24. Specifically, even though the time between the filing of the lawsuit and the Motion to Intervene was short in terms of actual days, it was well within the capability of the RNC and local party to meet. Although the RNC protests it did not hire its counsel until Saturday night, delay is counted toward litigants, not lawyers, and the local Party was already represented. Nothing, certainly, prohibited the RNC even on Saturday night from filing a motion to intervene, announcing its intention, and seeking more time if necessary, to file a memorandum. That, at least, would have put the parties on formal notice that the RNC was prepared to actively participate. Instead, the parties worked extensively over the weekend toward crafting a settlement. In addition, the Court found that the RNC did not assert an interest any different from that asserted by the named defendants. They simply claimed a desire to "protect" their voters from possible election fraud and to see that existing laws remained enforced. That is the same interest the defendant agencies are statutorily required to protect. The point of the would-be intervenors was their naked assertion that the defendant-parties were not adequately protecting those interests because there had been "collusion" between them and the plaintiffs. This Court found no evidence of collusion. The fact that two agencies with expertise independently reached the conclusion that the health risk was real, that the signature and notary requirements unduly burdened the right to vote, and that the parties could reach a workable solution that protected the integrity of the election, does not show collusion. If anything, it points to the reasonableness and fairness of the Consent Decree. Finally, the Court rejected the proposed intervenors' main argument that "changing the rules" on the eve of an election would cause voter confusion. In fact, the opposite is true. The last rules explained to voters eliminated the signature and notary requirement for the June 2, 2020, presidential preference

## II.    LEGAL STANDARD

A consent decree "embodies an agreement of the parties," that they "desire and expect will be reflected in, and be enforceable as, a judicial decree." *Aronov v. Napolitano*, 562 F.3d 84, 90–91 (1st Cir. 2009) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). Because it is entered as an order of the court, a consent decree is distinguished from a private settlement in that the latter do not "entail judicial approval and oversight." *Id.*

For that reason, a "court entering a consent decree must examine its terms to be sure they are fair and not unlawful." *Id.* at 91. Approval of a consent decree is "committed to the trial court's informed discretion." *Puerto Rico Dairy Farmers Ass'n v. Pagan*, 748 F.3d 13, 20 (1st Cir. 2014). "Woven into the abuse of discretion standard here is a 'strong public policy in favor of settlements ....'" *Id.* (quoting *U.S. v. Comunidades Unidas Contra La Contaminacion*, 204 F.3d 275, 280 (1st Cir. 2000)).

Should a third-party object to a consent decree, that party is entitled "to present evidence" and "have its objections heard." *Id.* (quoting *Local No. 93, Int'l Ass'n of Firefighters, AFL–CIO v. City of Cleveland*, 478 U.S. 501, 529 (1986)). The key consideration in this type of inquiry is whether there has been "a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions." *Id.* The objecting party's "right to be heard, however, does not translate into a right to block a settlement." *Id.* (citing *Local No. 93*, 478 U.S. at 529).

When reviewing a consent decree,

---

primary. Approving the Consent Decree maintained that status quo. *Enforcing* the signature and notary requirement would have "changed the rules."

the district court must assure itself that the parties have validly consented; that reasonable notice has been given possible objectors; that the settlement is fair, adequate, and reasonable; that the proposed decree will not violate the Constitution, a statute, or other authority; that it is consistent with the objectives of Congress; and, if third parties will be affected, that it will not be unreasonable or legally impermissible as to them.

*Durrett v. Hous. Auth. of City of Providence*, 896 F.2d 600, 604 (1st Cir. 1990).

## III.  DISCUSSION

The Court is satisfied that the parties to the Consent Decree—the plaintiffs, the Secretary of State, and the members of the Board of Elections—all have validly consented to its terms.  The Consent Decree was drafted by those parties over a weekend of negotiations.  Additionally, reasonable notice has been given to possible objectors: the RNC and local Republican Party were given an opportunity to provide the Court with extensive briefing and to argue their position at the Fairness Hearing.

While the Consent Decree seeks to transgress existing Rhode Island statutory election law, had there been a hearing on the merits of the plaintiffs' prayer for injunctive relief, the Court would have found that the mail-ballot witness or notary requirement, as applied during the COVID-19 pandemic, is violative of the First and Fourteenth Amendments to the United States Constitution because it places an unconstitutional burden on the right to vote.  As the supreme law of the land, the United States Constitution supersedes any conflicting state statute.  *See* U.S. Const. Art. IV.  The Court therefore finds that the Consent Decree is lawful.

The Court also finds that the Consent Decree is fair, adequate, and reasonable. The RNC argued that the because the defendants generally were in agreement with

the plaintiffs' position on the witness or notary requirement, the litigation lacked adversarial vigor which made it collusive and, therefore, unfair. (ECF No. 21 at 19-20.) But no evidence of collusion among the parties has been presented to this Court; in fact, the parties have represented that they engaged in good-faith negotiations in the crafting of the Consent Decree's terms. It is clear that the Consent Decree was a compromise reached after sincere, arm's length negotiations. Indeed, the plaintiffs sought to do away with all extra identity requirements such as providing, in appropriate circumstances, the last four digits of a voter's Social Security Number or a photographic ID. But the parties agreed to suspend the witness and notary requirement and retain these extra identity requirements. This compromise and the fact that the plaintiffs did not get everything that they sought in the Consent Decree, as well the fact that the defendants notified the proposed intervenors of the status of the case immediately after Friday's conference suggest that the proposed intervenors' argument that this agreement was not at arm's length and was otherwise collusive is wholly without merit or evidence.

The adequacy and reasonableness of the Consent Decree also is evident by the fact that it sets forth the exact mail-ballot protocols successfully used during the June 2, 2020, presidential preference primary.

Finally, the Consent Decree is not legally impermissible as to the RNC or the Rhode Island Republican Party. Had the parties not reached a Consent Decree to suspend the witness or notary requirements for the remaining 2020 elections, this Court is empowered to find that the requirement, as applied in the current pandemic,

11

unconstitutionally limits voting access, and therefore order precisely what the Consent Decree achieves. *See, e.g., Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (holding that the constitutionality of election laws depends upon a court's balancing of the character and magnitude of any law burdening the right to vote against the relevant government interest served by the law); *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983); *Barr v. Galvin*, 626 F.3d 99, 109 (1st Cir. 2010).

The proposed intevenors argued at the Fairness Hearing that, even if this Court were to find that the statutory requirement, as applied during the current pandemic was violative of the constitution, the Court would be powerless to intervene as the legislature had not acted. This rather improbable argument, when taken to its extreme would mean that no court could invalidate unconstitutional restrictions on voting as long as state legislatures had declined to do so. A long history of federal court review of voting laws says the contrary. "Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections. A consistent line of decisions by this Court in cases involving attempts to deny or restrict the right of suffrage has made this indelibly clear. It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote." *Reynolds v. Sims*, 377 U.S. 533, 554-56 (1964).

## IV.   CONCLUSION

For the foregoing reasons, the parties' Joint Motion to Approve Consent Judgment (ECF No. 18) was GRANTED on July 28, 2020. The Court therefore enters the Consent Judgment and Decree (ECF No. 18-1).

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
July 30, 2020

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

---

COMMON CAUSE RHODE ISLAND, LEAGUE OF
WOMEN VOTERS OF RHODE ISLAND, MIRANDA
OAKLEY, BARBARA MONAHAN, and MARY
BAKER,

                          Plaintiffs,

                - against -

NELLIE M. GORBEA, in her official capacity as Secretary
of State of Rhode Island; DIANE C. MEDEROS, LOUIS
A. DESIMONE JR., JENNIFER L. JOHNSON,
RICHARD H. PIERCE, ISADORE S. RAMOS, DAVID
H. SHOLES, and WILLIAM E. WEST, in their official
capacity as members of the Rhode Island Board of
Elections,

                        Defendants.

Case No. 1:20-cv-00318-MSM-
LDA

---

## CONSENT JUDGMENT AND DECREE

1.      Whereas Rhode Island law requires voters eligible to vote by mail, subject to very

limited exclusions, to sign the certifying envelopes which contain their ballots before a notary

public or two witnesses, in order for their votes to be counted (the "two witness requirement").

R.I. Gen. Laws §§ 17-20-2.1(d)(1), 17-20-2.1(d)(4), 17-20-2.2(d)(1), 17-20-2.2(d)(4), 17-20-21

and 17-20-23(c). The two witnesses or the notary for each ballot must actually witness the voter

marking the ballot. R.I. Gen. Laws §§ 17-20-21 and 17-20-23(c). Rhode Island is in the minority

of states with such a requirement.

2.      Whereas Rhode Island and America are currently suffering from the effects of a

global pandemic. The novel coronavirus, SARS-CoV-2, causes individuals to contract COVID-

19, and spreads mainly from person-to-person through close contact with one another and

through respiratory droplets when an infected person coughs or sneezes. COVID-19 threatens the

1

health of any individual no matter their age, although older persons are particularly vulnerable. As of July 24, 2020, Rhode Island has experienced over 18,000 confirmed cases and over 1,000 deaths from COVID-19.

3.     Whereas Rhode Island Governor Raimondo issued an Executive Order on March 9, 2020 declaring a state of emergency which has been extended at least through August 2, 2020. R.I. Exec. Order No. 20-52 (July 3, 2020). Shortly after declaring a state of emergency, Governor Raimondo issued an executive order announcing that the Rhode Island Department of Health "determined that it is necessary to further reduce the size of mass gatherings." R. I. Exec Order No. 20-09 (March 22, 2020). While Governor Raimondo has since eased restrictions on the maximum permissible size for public gatherings, she has cautioned that citizens should continue to avoid mass gatherings. R.I. Exec. Order No. 20-50 (June 29, 2020). The Governor explained that "the lower the attendance and gathering size, the lower the risk." *Id.* She emphasized that a key message for the public is to "[k]eep groups consistent and small." *Id.*

4.     Whereas the two witness requirement necessitates that some individuals will invite one or two persons into their home, or travel outside their home to meet these witnesses. Either of these situations may violate social distancing guidelines and increase the likelihood that those involved will contract COVID-19 and transmit it to others. For this reason, the two witness requirement may carry a high risk to the general public's health. Rhode Island voters' other option, in-person voting, also may contain a risk to the general public's health. Voting in person involves waiting in line with other voters, interacting with poll workers, and touching voting equipment, which also violates social distancing guidelines.

5.     Whereas Rhode Island has other laws to maintain the integrity of the electoral process. Mail-in ballots are assessed to ensure that the name, residence, and signature on the

2

ballot itself all match that same information on the ballot application. R.I. Gen. Laws 17-20-26(c)(2). Further, voting fraudulently is a felony in Rhode Island, punishable by up to ten years of imprisonment with a fine between $1,000 and $5,000. R.I. Gen. Laws §§ 17-23-4 & 17-26-1.

6. Whereas on March 26, 2020 the State Board of Elections voted to suspend the two witness requirement for mail ballots for the June 2, 2020 presidential primary, acknowledging that the requirements may result in close contact between the voter and other people, which is a known cause of transmitting COVID-19. On April 17, 2020 Governor Raimondo issued Executive Order 20-27, which suspended the two witness requirement challenged here for the June 2, 2020 presidential primary election. R.I. Exec. Order No. 20-27 (Apr. 17, 2020).

7. Whereas the suspension of the two witness requirement for the June presidential primary was successful. 83% of Rhode Island voters exercised their fundamental right to vote via mail-in ballot. *2020 Presidential Preference Primary Statewide Summary*, ST. OF R.I. BD. OF ELECTIONS (updated July 3, 2020),

https://www.ri.gov/election/results/2020/presidential_preference_primary/#. Voting by mail was used most extensively by older voters. In comparison, less than 4% of the votes in the May 2016 presidential preference primary were cast by mail. A presentation published by the Election Task Force ("ETF"), established by Defendant Secretary Gorbea's office, reflected that "[r]emoving the two witness/notary signature requirement on ballots made it easier for older Rhode Islanders and those living alone" to vote safely. *2020 Presidential Primary Election Task Force Presentation* 4, R.I. DEP'T OF ST. (July 9, 2020),

https://vote.sos.ri.gov/Content/Pdfs/PPP%20Task%20Force%20July%209%202020%20Final.pdf. As a result of these measures, the ETF concluded that the Governor's executive order was a

success and led to a "[d]ecreased number of in-person voters [which] allowed for social distancing best practices." *Id.* The Election Task Force proposed that Rhode Island follow the same course for the September and November 2020 elections.

8.      Whereas Rhode Island will hold two statewide election days in the remaining part of 2020. Primary elections for offices including U.S. Congress, Rhode Island Senate, and Rhode Island House of Representatives will be held on September 8, 2020. On July 13, 2020 Defendants constituting the State Board of Elections voted unanimously to suspend the witness and notary public requirements for the mail ballot certification envelope, under the requirements set forth under Chapter 20 of Title 17 of the General Laws in order to mitigate exposure to COVID 19. Defendant Secretary Gorbea also believes the two witness requirement should be suspended for the State's September and November, 2020 elections.

9.      Whereas on July 23, 2020, the League of Women Voters of Rhode Island, Common Cause Rhode Island, Ms. Miranda Oakley, Ms. Barbara Monahan, and Ms. Mary Baker ("Plaintiffs") filed a complaint against the above-named Defendants challenging enforcement during the ongoing public health crisis caused by the spread of COVID-19 of Rhode Island's two witness requirement. Plaintiffs moved for a temporary restraining order and injunctive relief enjoining Defendants from enforcing the two witness requirement, R.I. Gen. Laws §§ 17-20-2.1(d)(1), 17-20-2.1(d)(4), 17-20-2.2(d)(1), 17-20-2.2(d)(4), 17-20-21 and 17-20-23(c), for the State's pending September 8, 2020 primary and November 3, 2020 general elections.

10.     Whereas for qualified electors who wish to vote by mail, their mail ballot applications must be received by the voter's local board by August 18, 2020 and October 13,

2020 for the State primary and general election, respectively. The State must print ballots for these elections imminently.

11.    Whereas in light of the data that supports the Plaintiffs' concerns for their safety if they are required to interact with others in order to cast their ballot in the pending September 8, 2020 primary and November 3, 2020 general elections, Plaintiffs and Defendants (collectively, the "Consent Parties") agree that an expeditious resolution of this matter in the manner encompassed by the terms of this Consent Order, is in the best interests of the health, safety, and constitutional rights of the citizens of Rhode Island, and therefore in the public interest.

12.    Whereas the Consent Parties further agree that no eligible voter should have to choose between casting a ballot that will count and placing their own health at risk.

13.    Whereas Defendants agree not to enforce the two witness requirement for the September 8, 2020 primary and November 3, 2020 general elections. The Consent Parties further agree that nothing in this Consent Order shall restrict the Defendants from requesting that that mail voters provide their Rhode Island Driver's License or State ID number, the last four digits of their Social Security number, or their phone number, as further identification verification, so long as the request makes clear that the provision of such information is optional.

14.    Whereas Plaintiffs agree to a waiver of any entitlement to damages, fees, including attorneys' fees, expenses, and costs, that may have accrued as of the date of the entry of this Consent Order, with respect to the claims raised by Plaintiffs in this action.

15.    Whereas the Court finds that it has subject matter jurisdiction over the Consent Parties and that this Consent Order is fair, adequate, and reasonable and that it is not illegal, a product of collusion, or against the public interest, because such agreement preserves the constitutional right to vote of Plaintiffs and other Rhode Island voters while promoting public

5

health during a pandemic and does so without harming the integrity of Rhode Island's elections. It gives appropriate weight to Defendants' expertise and public interest responsibility in the area of election administration.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED FOR THE REASONS STATED ABOVE IN PARAGRAPHS 1-15 THAT:**

1. The two witness requirement set forth in R.I. Gen. Laws §§ 17-20-2.1(d)(1), 17-20-2.1(d)(4), 17-20-2.2(d)(1), 17-20-2.2(d)(4), 17-20-21 and 17-20-23(c) shall be suspended for the September 8, 2020 primary or November 3, 2020 general elections. Defendants members of the Rhode Island Board of Elections shall not enforce the requirements set forth in R.I. Gen. Laws §§ 17-20-2.1(d)(1), 17-20-2.1(d)(4), 17-20-2.2(d)(1), 17-20-2.2(d)(4), 17-20-21 and 17-20-23(c) that qualified electors who vote by mail sign the certifying envelope which contains their ballot before a notary public or two witnesses for the September 8, 2020 primary or November 3, 2020 general elections.

2. As of the date of this Consent Order, Defendant Secretary Gorbea shall not print or distribute to qualified electors any ballots, envelopes, instructions, or other materials directing qualified electors who vote by mail to sign the certifying envelope which contains their ballot before a notary public or two witnesses or requiring a notary public's or two witnesses' signatures on the certifying envelopes.

3. Defendants Secretary Gorbea and members of the Rhode Island Board of Elections shall issue guidance instructing all relevant local election officials and boards of canvassers that, for the September 8, 2020 primary and November 3, 2020 general elections, no mail ballot cast by a registered voter may be rejected for failure to include the signature of either two witnesses or a notary.

6

4.      Defendant Secretary Gorbea shall take all actions necessary to modify or amend the printed instructions accompanying each mail ballot provided to voters for the September 8, 2020 primary and November 3, 2020 general elections, to inform voters that any mail ballot cast in these elections without witness signatures will not be rejected on that basis.

5.      Defendants Secretary Gorbea and members of the Rhode Island Board of Elections shall inform the public that the two witness requirement will be suspended for the September 8, 2020 primary and November 3, 2020 general elections on their existing web sites and social media, including frequently asked questions, and any recorded phone lines.

6.      Plaintiffs will withdraw their motion for a temporary restraining order and preliminary injunction.

7.      The within Consent Order, upon entry by the Court, shall be the final judgment of the Court. Each party shall bear their own fees, expenses, and costs.

Entered as the Judgment of this Court this __30__ day of _____July_____, 2020.

_____
**Mary S. McElroy**
UNITED STATES DISTRICT JUDGE

July _30_, 2020
Providence, Rhode Island

7

35

/s/ *Angel Taveras*
Angel Taveras, Esq. (Bar No. 5552)
GREENBERG TRAURIG, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6096
Facsimile: (617) 310-6001
taverasa@gtlaw.com

*Attorney for Defendant Secretary Gorbea*

/s/ *Raymond A. Marcaccio*
Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio LLP
55 Dorrance Street
Suite 400
Providence, RI 02903
Phone  401.861.2900
Fax     401.861.2922
ram@om-rilaw.com

*Attorney for Defendants members of the Rhode Island Board of Elections*

/s/ *Lynette Labinger*
Lynette Labinger, Esq. (Bar No.1645)
128 Dorrance St., Box 710
Providence, RI  02903
(401) 465-9565 (phone)
ll@labingerlaw.com
Cooperating counsel,
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF RHODE ISLAND**

/s/ *Julie A. Ebenstein*
Julie A. Ebenstein, Esq.
  (*admitted pro hac vice*)
Dale E. Ho, Esq. (*pro hac vice pending*)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 284-7332 (phone)
jebenstien@aclu.org
dho@aclu.org

/s/ *Danielle Lang*
Danielle Lang, Esq. (*admitted pro hac vice*)
Jonathan Diaz, Esq. (*admitted pro hac vice*)
**CAMPAIGN LEGAL CENTER**
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200 (phone)
dlang@campaignlegal.org
jdiaz@campaignlegal.org
sleeper@campaignlegal.org

/s/ *Michael C. Keats*
Michael C. Keats, Esq. (*admitted pro hac vice*)
Christopher H. Bell, Esq.*
  (*admitted pro hac vice*)
**FRIED, FRANK, HARRIS, SHRIVER**
   **& JACOBSON LLP**
One New York Plaza
New York, NY 10004
(212) 859-8914 (phone)
(212) 859-4000 (fax)
Michael.Keats@friedfrank.com
Christopher.Bell@friedfrank.com
*Admitted only in Pennsylvania; not admitted
in the District of Columbia; supervised by a
member of the District of Columbia Bar.

*Attorneys for Plaintiffs*